

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2005

# Shabazz v. Felsnik

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shabazz v. Felsnik" (2005). *2005 Decisions.* Paper 1250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2367
_____

YUSUF SHABAZZ a/k/a Joseph Hall

v.

FELSNIK, Personal and Capacity; MCCOOL, Personal and
Capacity; DOSKY, Personal and Capacity; PETERSON, Personal
and Capacity; WILLIAM CICENIA, Correction Officer, Personal
and Capacity, a/k/a John Doe (1); WILLIAM MCCOOL, Correction
Officer, Personal and Capacity, a/k/a John Doe (2); SCOTT
THERIAULT, Correction Officer, Personal and Capacity, a/k/a
John Doe (3); WILLIAM LANFRANK, Correction Officer, Personal
and Capacity, a/k/a John Doe (4); DONALD WINKLER, Correction
Officer, Personal and Capacity, a/k/a John Doe (5)

Yusuf Shabazz,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-CV-01319)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed : May 4, 2005)

_____

OPINION

_____

PER CURIAM

Yusuf Shabazz appeals from judgment entered in favor of defendants after a jury trial in the United States District Court for the District of New Jersey. We will affirm.

Shabazz' complaint was based on the following allegations. On February 18, 2000, Yusuf Ali Shabazz was incarcerated at the Morris County Jail. He alleged in his complaint that around 11:00 p.m., Officer Felsnik opened his cell, allowing Officer McCool to enter, although they were not authorized to be in his cell without a supervising sergeant present. McCool then became "belligerent, disrespectful and very aggressive" towards Shabazz. Around 12:45 a.m., Sgt. Dosky and five other defendants came to Shabazz' cell, hog-tied him, and carried him to lock-up. In the process, Shabazz' right shoulder was dislocated and he sustained a fracture of the right arm and swelling in both arms. He was examined by a prison doctor the next day and referred to Morristown Memorial Hospital for treatment of his injuries. Shabazz filed a complaint alleging excessive force and also alleging violation of due process when he was sanctioned for 15 days disciplinary detention without due process.

On June 26, 2001, the District Court dismissed the due process claim for failure to state a claim, finding that Shabazz' 15-day detention was not substantial or atypical. However, the Court allowed the Eighth Amendment excessive force claim to go forward.

2

In February 2002, the Magistrate Judge assigned to the case denied Shabazz' motion for appointment of counsel.[1]  Following discovery, the matter proceeded to a three-day jury trial.  The jury returned a verdict in favor of defendants and against Shabazz.  Shabazz filed a timely appeal from the judgment entered against him.[2]

In his brief, Shabazz raises three grounds for relief.  First, he argues that the District Court improperly denied his motions for appointment of counsel.  Second, he alleges that he had inadequate discovery.  Third, he alleges that there were no minorities on his jury.

The District Court properly applied the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), in denying Shabazz' motions for counsel.  First, the Court noted that the legal and factual issues were not complex.  The matter concerned whether certain correctional officials used excessive force, primarily a fact question for the jury.  The Court also found that Shabazz was able to articulate his issues.  The case did not require expert testimony.  We hold that the Court did not abuse its discretion in denying Shabazz' motions.  Tabron, 6 F.3d at 158 (stating that court's decision to deny appointment of counsel is reviewed for abuse of discretion).

Shabazz' second claim is that he was denied adequate discovery.  Appellees argue that they produced everything requested in discovery, including complete copies of his

---

[1] The Court also later denied his renewed motions for appointment of counsel.

[2] Although Shabazz filed a motion for a new trial, he did not appeal the order denying that motion.

medical records and reports of the investigation of the alleged assault. Although it is not entirely clear, it appears that Shabazz claims that the items produced in discovery were altered to cover up what happened. His unsupported allegations are not sufficient to support appellate relief.

Shabazz' third claim is that minorities were excluded from his jury. A plaintiff in a civil action who claims that racial discrimination occurred in jury selection must establish a prima facie case, including information about whether there has been a pattern of strikes against members of a particular race. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 631 (1991). Shabazz has provided no evidentiary support for this claim.

For the foregoing reasons, we will affirm.